*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6146-GHK(SSx) | Date | September 24, 2008 |
|---|---|---|---|
| Title | *Candace Radcliff v. Homeq Servicing, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**   (In Chambers) Order to Show Cause

On September 18, 2008, Plaintiff Candace Radcliff filed the above-captioned Complaint in this Court. The Complaint names as Defendants Homeq Servicing, Quality Loan Servicing Corp., Wells Fargo Bank, and Doe Defendants 1-10.

Under Federal Rule of Civil Procedure 8(a) "a pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction . . .". Plaintiff has failed to provide such a statement. As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

When a case does not arise under federal law, we have original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.*

**I.   Corporate Citizenship**

For purposes of assessing diversity, a corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

There are two rules used to establish a corporation's principal place of business. "First, the 'place of operations test' locates a corporation's principal place of business in the state which contains a substantial predominance of corporate operations. Second, the 'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 500 (9th Cir. 2001) (internal citations and some quotation marks omitted). However, "[t]he 'nerve center' test should be used only

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6146-GHK(SSx) | Date | September 24, 2008 |
|---|---|---|---|
| Title | *Candace Radcliff v. Homeq Servicing, et al.* | | |

when no state contains a substantial predominance of the corporation's business activities." *Id.* (emphasis omitted). Thus, following the Ninth Circuit rule, we apply the place of operations test unless the party seeking to establish jurisdiction shows that the activities of a corporate party do not substantially predominate in any one state.

In applying the operations test, we determine a corporation's principal place of business by examining an entity's entire activities. *See Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990). We consider a corporation a citizen of the state where it "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." *Id.* When a corporation conducts business in more than one state, we regard as its principal place of business that state which "contains a substantial predominance of the corporation's business activities." *Id.* at 1092. Important factors in making this determination are the locations where income is earned, purchases are made, and sales take place, as well as the location of employees, tangible property, and production activities. *Id.* at 1094. "Substantial predominance" does not require that the *majority* of a corporation's business take place in one state, only that the amount of a corporation's business activity in one state be significantly larger than that in any other state in which the corporation conducts business. *Tosco Corp.*, 236 F.3d at 500. The relevant comparison, then, is between the amount of business activity in the state at issue and the amount conducted in other states, not between the amount of activity conducted in the state at issue and the corporation's total activity. In other words, the issue is not the percentage of a corporation's activity conducted in a given state, taken alone, but that percentage in comparison to the percentage of activity the corporation conducts in other states.

In order to properly determine corporate citizenship, we require information, for each of the top five states in which a corporate party conducts business, in at least the following categories: (1) the number of employees it has in each state;[1] (2) the percentage of its sales originating in each state; (3) the percentages of its assets held in each state.[2] We also require information on the location of a corporate party's headquarters, but we will revert to the use of the 'nerve center' test only if the response information shows that a corporate entity's operations do not predominate in a single state.

**II.     Individual Citizenship**

---

[1] We seek to determine where a party "conducts the most activity that is visible and impacts the public." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). Thus, our definition of "employees" for the purpose of subject matter jurisdiction includes not only salaried and hourly employees, but also, as relevant, independent agents, and any other person in whatever capacity who interacts with the public in behalf of a party.

[2] As with the number of employees, our definition of assets is broad, including assets held by anyone defined in footnote 1 as an employee in furtherance of a party's business.

*E-FILED*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6146-GHK(SSx) | Date | September 24, 2008 |
|---|---|---|---|
| Title | *Candace Radcliff v. Homeq Servicing, et al.* | | |

Individual citizenship is determined by the state where a natural person is domiciled, and a person may only have one domicile at a time. *Gaudlin v. Remis*, 379 F.3d 631 (9th Cir. 2004). Domicile is not merely someone's state of residence. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir.1986). Therefore, a person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In order to properly determine individual citizenship and whether diversity jurisdiction exists, we require information as to the place of domicile for each Defendant who is a natural person.

**III.  Order**

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Here, the Complaint is insufficient to do so because Plaintiff has not provided the required information noted above nor has she stated the basis for any federal question jurisdiction. Therefore, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN THIRTY DAYS**, as to why this matter should not be dismissed without prejudice to its refiling in state court because this court lacks subject matter jurisdiction.

Plaintiff's failure to timely and adequately show cause as required herein shall be deemed Plaintiff's admission that this Court lacks subject matter jurisdiction. In that event, this action shall be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk    IR for   Bea